[No. 4532½.  Decided March 20, 1903.]

SUSAN A. RAMSAY, *Respondent*, v. TACOMA LAND COMPANY *et al., Appellants.*

APPEAL — DISMISSAL — SUFFICIENCY OF NOTICE AND BOND.

Where the attorney for defendants gave notice of appeal for all of them and executed a bond in behalf of all, no ground is afforded for dismissal of the appeal by reason of the facts that certain of the appellants failed to execute the appeal bond, and that notice of appeal was not served on some of them.

PUBLIC LANDS — RAILROAD GRANTS — SALE OF LANDS EXCLUDED FROM GRANT — PREFERENCE RIGHTS OF PURCHASER.

Under 24 St. at Large, 557, § 5, which provides that where any railway company shall have sold to citizens of the United States as a part of its land grant from the government lands coterminous with the constructed portion of its road, but which are for any reason excepted from the operation of its grant, the *bona fide* purchaser may make payment to the United States at the government price and shall thereupon be entitled to patent, one who had in good faith purchased the land from the railroad company, and, upon the decision of the land department adverse to the railroad's right to the land, had applied within a reasonable time to make purchase under the above act of congress, had a preference right as against a homestead entryman, who had made entry within four months after notice of cancellation of the railroad's right to the land, and with actual knowledge of all the facts.

SAME — CITIZENSHIP OF CORPORATIONS.

A corporation organized under the laws of any state is a citizen of the United States within the meaning of 24 St. at Large, 557, authorizing citizens of the United States, in certain cases, to purchase government lands.

Appeal from Superior Court, Pierce County.—Hon. THAD HUSTON, Judge. Reversed.

*E. R. York,* for appellants.

*J. W. A. Nichols* and *John C. Stallcup,* for respondent.

The opinion of the court was delivered by

MOUNT, J.—The respondent brought this action in the court below, and prayed that she be decreed to be the owner of the southwest quarter of the northwest quarter of section 3, township 20 north, of range 2 E., W. M., situate in Pierce county, Washington, and that defendants be decreed trustees of the title for the use of respondent. A decree was entered as prayed, and defendants appeal.

A motion is made to dismiss the appeal because certain of the appellants failed to execute the bond on appeal, and because the notice of appeal was not served on certain of the defendants. We find that the notice of appeal was given by all the defendants by their attorney, and the bond was executed on behalf of all, also by their attorney. The motion is therefore denied.

The facts in the case are not disputed, and are substantially as follows: The land in question is located within the primary limits of the land grant made to the Northern Pacific Railroad Company by joint resolution of congress of May 31, 1870. The railroad company, on August 13, 1870, filed its map of general route, and on May 14, 1874, filed its map of definite location in the office of the secretary of the interior. Pursuant thereto, the land department of the United States withdrew and reserved from sale and entry the odd-numbered sections of land within the limits of the grant, including the land in question. Prior to the grant, and on May 19, 1869, one W. C. Kincade had made a pre-emption filing on the land, but had abandoned the filing and the land prior to the act of 1870. Subsequent to the filing of the map of definite location, the land was held by the railroad company, and considered by the land department to have passed to the railroad company by the grant, until the departmental decision of July 13,

1896, in *Corliss v. Northern Pacific R. R. Co.,* which held
that lands of this character were excepted from the
grant. In 1874 the Northern Pacific Railroad Company,
for value and in good faith, sold and conveyed the land to
the Tacoma Land Company, a corporation, and *bona fide*
purchaser for value. Thereafter the Tacoma Land Com-
pany, for value and in good faith, sold the land to the
other appellants herein, who also purchased in good faith
and for value. On October 13, 1896, the commissioner of
the general land office of the United States, by letter of
that date, on the basis of the decision in *Corliss v. North-
ern Pacific R. R. Co.,* canceled the railroad company's
list of the land in question. On February 24, 1897, the
respondent filed in the local land office her application
to enter the land as a homestead. The filing was accepted,
and, in May, 1897, she went upon the land where she
has since remained, and made improvements thereon to
the value of $1,200. In August, 1897, the Tacoma Land
Company filed its application in the local land office to
purchase the land under § 5 of the act of congress of
March 3, 1887. The respondent contested the right of
the Tacoma Land Company to purchase, and the local
office, upon a hearing, decided in favor of the land com-
pany and awarded the land to the said company. An
appeal was taken from this decision to the commissioner
of the General Land Office, and thereafter to the Secretary
of the Interior, and each of these departments affirmed
the decision of the local land office. On October 4, 1900,
the homestead entry of respondent was canceled, and on
February 20, 1901, a patent for the land was issued by
the United States to the Tacoma Land Company. No
fraud or imposition is alleged or claimed in this case.
The only question in the case is whether or not the land

department of the United States has properly construed
§ 5 of the act of congress approved March 3, 1887 (24
St. at Large, p. 557), as giving to the Tacoma Land Com-
pany a preference right to purchase the land in question
over the respondent, who, with knowledge of the rights of
appellants, had filed on the land prior to the application
of the land company to purchase. Section 5 of the act is as
follows:

"That where any said company shall have sold to citi-
zens of the United States, or to persons who have declared
their intention to become such citizens, as a part of its
grant, lands not conveyed to or for the use of such com-
pany, said lands being the numbered sections prescribed
in the grant, and being coterminous with the constructed
parts of said road, and where the lands so sold are for
any reason excepted from the operation of the grant to
said company, it shall be lawful for the *bona fide* pur-
chaser thereof from said company to make payment to the
United States for said lands at the ordinary government
price for like lands, and thereupon patents shall issue
therefor to the said *bona fide* purchaser, his heirs or as-
signs."

In *Wiseman v. Eastman*, 21 Wash. 163 (57 Pac. 398),
this court held that, where the charge is mistake or mis-
construction of law by the Land Department, the courts
will not set aside a patent or declare a trust in lands,
unless such mistake or misconstruction is clearly manifest.
In *United States v. Winona Railway Co.*, 165 U. S. 463
(17 Sup. Ct. 368), the supreme court of the United States,
in construing the section in question said:

"Section 5 of the same act applies to cases in which no
certification or patent has issued, and yet the lands sold
by the railroad company are the numbered sections pre-
scribed in its grant, and coterminous with the constructed
portions of its road, and it is there provided that where

the lands so sold by the company 'are for any reason excepted from the operation of the grant to said company,' the purchaser may obtain title directly from the government by paying to it the ordinary government price of such lands. It is true the term used here is 'bona fide purchaser,' but it is a *bona fide* purchaser from the company, and the description given of the lands, as not conveyed and 'for any reason excepted from the operation of the grant,' indicates that the fact of notice of defect of title was not to be considered fatal to the right. Congress attempted to protect an honest transaction between a purchaser and a railroad company, even in the absence of a certification or patent. These being the provisions of the act of 1887, the act of 1896, confirming the right and title of a *bona fide* purchaser, and providing that the patent to his lands should not be vacated or annulled, must be held to include one who, if not in the fullest sense a 'bona fide purchaser,' has, nevertheless, purchased in good faith from the railroad company. . . . Our conclusion is that these acts operate to confirm the title to every purchaser from a railroad company of lands certified or patented to or for its benefit, notwithstanding any mere errors or irregularities in the proceedings of the land department, and notwithstanding the fact that the lands so certified or patented were, by the true construction of the land grants, although within the limits of the grants, excepted from their operation, providing that he purchased in good faith, paid value for the lands, and providing, also, that the lands were public lands in the statutory sense of the term, and free from individual or other claims."

It seems that the facts in this case bring the appellant strictly within the letter and spirit of that statute as above construed. This land had been sold by the Northern Pacific Railroad Company as part of its grant. The Tacoma Land Company, for value and in good faith, became the purchaser. The land was in an odd numbered section, and coterminous with the constructed part of the com-

pany's road. The land was excepted from the grant by reason of the fact that Kincade had filed a pre-emption thereon prior to the grant. But, prior to the passage of the resolution of 1870, Kincade had abandoned his filing and the possession of the land, and never returned to claim the same. Prior to 1896 the land had been treated by the railroad company and the land department as belonging to the railroad company, and, while so treated, was purchased by the Tacoma Land Company and the other appellants, and, while the deeds of the purchasers were on file in the county where the lands are situated, and within four months after the land department had notified the local land office that the enlistment of the land by the railroad company had been canceled, the respondent filed on the land. Under these circumstances, the local land office had no right to accept the filing of respondent, and thereby terminate the right of appellants to purchase under § 5 of the act of 1887, above quoted. We are satisfied that the appellants had a preference right to purchase within a reasonable time, and that the land department correctly construed the law in so holding.

It is argued by respondent that the Tacoma Land Company, which is a corporation under the laws of the state of Pennsylvania, is not a citizen of the United States within the meaning of the statute, and is for that reason not entitled to purchase under § 5 of the act of 1887. This question, we think, was settled against respondent's contention in *United States v. Northwestern Express, Stage & Transportation Co.*, 164 U. S. 686 (17 Sup. Ct. 206).

For these reasons, the judgment of the lower court is reversed, and the cause dismissed.

FULLERTON, C. J., and HADLEY, DUNBAR and ANDERS, JJ., concur.